COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Jeremy James Joseph v. William D. Joseph, Jr.

Appellate case number:   01-22-00528-CV

Trial court case number: 491773

Trial court:             Probate Court No. 4 of Harris County

The trial court signed an order on August 12, 2022 granting the opposition to appellant's statement of inability to afford payment of court costs on appeal and concluding that appellant is able to afford payment of costs on appeal. This Court issued an order on November 29, 2022, abating the appeal and remanding to the trial court to correct the August 12, 2022 order because it failed to state that appellant could challenge the trial court's order by filing a motion in the court of appeals within 10 days of the date of the trial court's order. On December 12, 2022, the trial court signed a corrected order containing the required language about challenging the order. A supplemental clerk's record containing the corrected order was filed in this Court on December 14, 2022. A challenge to the trial court's December 12, 2022 order was due by December 22, 2022. No challenge was filed.

Accordingly, the abatement is **lifted** and this appeal is **reinstated** on the active docket.

The clerk's record was filed on September 20, 2022, but it does not appear to contain all relevant documents. A clerk's record must contain certain items listed in Texas Rule of Appellate Procedure 34.5(a). *See* TEX. R. APP. P. 34.5(a). However, an appellant may file a written designation specifying items to be included in the clerk's record. *See* TEX. R. APP. P. 34.5(b). If appellant filed a written designation requesting inclusion of specific documents, the clerk's record filed on September 20, 2022 does not include that written designation. If appellant filed a specific designation of documents, the trial court clerk is ordered to file a supplemental clerk's record containing this designation. This supplemental clerk's record shall be filed **within 10 days of the date of this order**.

A reporter's record has not been filed. Because the trial court determined that appellant is able to afford payment of court costs, appellant is responsible for payment arrangements for the preparation and filing of the reporter's record, which must be filed **within 30 days of the date of this order**. If appellant does not make arrangements for the filing of the reporter's record, appellant will be required to file a brief containing issues that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

Appellant tendered a brief which was received only because the complete record, including the reporter's record, had not yet been filed and the appeal was abated per the order issued on November 29, 2022. Appellant's brief is not in compliance with the rules for the following reason: The brief contains citations to pages in the clerk's record that do not exist. The clerk's record contains 111 pages, but the brief cites to pages, such as 145, 843, 380, and 1040. The brief also refers to documents that are not in the clerk's record. Although the brief includes documents in the appendix to the brief, the brief must cite to documents contained either in the clerk's record or the reporter's record. *See* TEX. R. APP. P. 38.1(g),(i). Accordingly, the brief tendered on December 5, 2022 is **stricken**. Appellant must file a brief in compliance with the rules once the complete record is filed. *See* TEX. R. APP. P. 38.6(a). Again, if appellant chooses not to file a reporter's record, appellant must file a brief containing issues that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

It is so ORDERED.


Judge's signature: _____/s/ Richard Hightower_____
           ☑ Acting individually     ☐ Acting for the Court


Date: ___January 5, 2023_____